IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Barbara Michelle Lester and Lisa A. Johnson, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | C.A. No. 4:07-4051-TLW |
| Title Max of South Carolina, Inc. | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

This action was originally filed in the Marlboro County Court of Common Pleas on November 6, 2007. On December 17, 2007, defendant removed the case to federal court asserting jurisdiction pursuant to 28 U.S.C. 1332(d). (Doc. # 1). Subsequently, plaintiffs filed motion to remand (Doc. # 7). Defendant Title Max filed a response in opposition to the motion on February 1, 2008. Thereafter, plaintiffs filed a reply on February 7, 2008. A hearing in this matter was held on June 11, 2008.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636. In his Report, Magistrate Judge Rogers recommends that the plaintiff's motion to remand (Doc. # 7) be granted and this case be remanded back to the Horry County Court of Common Pleas for disposition.[1] Defendant filed objections to

---

[1] The Court notes that the Magistrate Judge recommends that the case be remanded back to the Horry County Court of Common Pleas. As this case was removed from the Marlboro County Court of Common Pleas, the Court believes that this is a typographical error.

the Report on July 30, 2008. Thereafter plaintiff filed a reply on August 12, 2008.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, <u>de</u> <u>novo</u>, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 27) and the defendant's objections are **OVERRULED**. Plaintiff's motion to remand (Doc. # 7) is granted and the case is remanded back to the Marlboro County Court of Common Pleas for disposition.

**IT IS SO ORDERED.**

                                      s/ Terry L. Wooten
                                          **TERRY L. WOOTEN**
                                          **UNITED STATES DISTRICT JUDGE**

September 5, 2008

Florence, South Carolina